# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 11, 2006 Session

## METROPOLITAN NASHVILLE EDUCATION ASSOCIATION, ET AL. v. METROPOLITAN BOARD OF PUBLIC EDUCATION

**Direct Appeal from the Chancery Court for Davidson County**
**No. 04-391-I     Claudia Bonnyman, Chancellor**

---

**No. M2005-00747-COA-R3-CV - Filed on September 12, 2006**

---

JUDGE HOLLY M. KIRBY, concurring in part and dissenting in part:

I agree with most of the majority's analysis in this case, and in particular I agree with the majority's holding that the question of the applicability of the arbitration agreement is a "gateway" issue, properly before this Court. However, I must respectfully dissent from the majority's holding that the dispute as to Mr. Fuller's coaching position was subject to arbitration.

Mr. Fuller argues forcefully that his assignment as a coach is protected under the collective bargaining agreement, and is therefore subject to arbitration. The agreement, however, simply does not support this conclusion. While the agreement has pages of procedures and protections regarding teaching responsibilities, the word "coach" appears in only one place, a listing of all of the "supplemental paying positions" to which teachers may be assigned. These positions include yearbook sponsor, newspaper sponsor, drama sponsor, and the like.

Mr. Fuller does not argue that the agreement specifically provides that the detailed protections and grievance and arbitration procedures in the collective bargaining agreement apply to the newspaper sponsor, the yearbook sponsor, or a coach; rather, he argues only that it is not specifically excluded. After reviewing the collective bargaining agreement, I would hold that there is nothing in the agreement which could be interpreted as applying the grievance and arbitration protections to a newspaper sponsor, a yearbook sponsor, or to a coach.

Secondly, even if the agreement purported to do so, it could not apply to any coaching assignment for the 2002-03 school year. The majority acknowledges Tennessee Code Annotated § 49-2-301(b)(1)(FF), which states clearly that "persons who are employed in a position for which no teaching license is required," such as a coach, are hired only on "a year-to-year contract." Tenn. Code Ann. § 49-2-301(b)(1)(FF) (2002). Mr. Fuller was paid the entire coaching pay supplement for the 2001-02 school year, the year in which he was removed from the coaching position for mishandling athletic funds. Under section 49-2-301(6)(1)(FF), he had no contract for coaching duties for the 2002-03 school year to arbitrate. ***See Lawrence County Educ. Ass'n v. Lawrence***

*County Bd. Of Educ.*, No. M2004-02240-COA-R3-CV (Nov. 28, 2005); *perm. app. granted* (July 10, 2006).

Third, the collective bargaining agreement cannot authorize an arbitrator to select coaches, since that responsibility rests with the director of schools. The Court concluded in *White v. Banks*, 614 S.W.2d 331, 334 (Tenn. 1981), that "[r]elieving a teacher-coach of his coaching duties only" is deemed a "transfer" within the system under Tennessee Code Annotated § 49-5-510. The statute clearly authorizes the director to make such decisions, with the proviso noted above that employment contracts for these positions may only be year-to-year. Tenn. Code Ann. § 49-2-301(b)(1)(FF). This Court has previously held that a collective bargaining agreement which "envisions substitution of the judgment of an arbitrator for discretion of the director of schools" is "not authorized by law." *See Marion Cty. Bd. Of Educ. v. Marion Cty. Educ. Ass'n*, 86 S.W.3d 202, 214 (Tenn. Ct. App. 2001); *Lawrence Cty. Educ. Ass'n*, supra at *5.

Therefore, I disagree with the majority's decision to enforce the arbitrator's award reinstating Mr. Fuller to his coaching position at Overton High School for the 2002-03 school year. I would affirm the trial court's decision on this issue.

_____
HOLLY M. KIRBY, J.